UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JASON MILLER,

          Plaintiff,          Case No. 2:23-cv-144

v.                                        Honorable Paul L. Maloney

UNKNOWN GREGG et al.,

          Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The case was previously referred to the Prisoner Civil Rights Litigation Early Mediation Program, but the case was removed from the Program at Plaintiff's request. (ECF No. 7.) The case is now before the Court for initial screening.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Surety. The Court will also dismiss, for failure to state a claim, Plaintiff's Fourteenth Amendment procedural due process claims against the remaining Defendants.

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Thumb Correctional Facility (TCF) Lapeer, Lapeer County, Michigan. The events about which he complains, however, occurred at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Defendants Sergeant Unknown Gregg, Corrections Officer Unknown Compton, Sergeant Unknown Tuzinowski, and Unknown Surety in their individual capacities. (ECF No. 1, PageID.2.)

In his complaint, Plaintiff alleges that he was subjected to a campaign of daily harassment by Defendants Gregg, Tuzinowski, and Compton, which consisted of threats of physical harm and ethnic intimidation, daily shakedowns and searches which left his property damaged and in disarray, and unwarranted strip searches. Plaintiff attempted to address the issue by speaking to these Defendants but was told by Defendants Gregg and Tuzinowski that he had really "f**ked up when he filed those complaints to the Warden's office and the Administrative assistant complaining about their unprofessional conduct and abuse." (*Id.*, PageID.4 (asterisks in original).) Defendants Gregg and Tuzinowski also told him that if he continued to complain, they had the power to set him up, put him in the hole, and even to starve him to death. (*Id.*)

Plaintiff stated that he had already informed family that if something happened to him, Defendants Gregg and Tuzinowski were behind it. Plaintiff stated that he was already serving a sentence of life without parole and that he refused to be intimidated. Plaintiff told Defendants Gregg and Tuzinowski that if they continued to "mess with him," he would file "a lawsuit against them and put a lien against their person and property." (*Id.*) Plaintiff subsequently filed a complaint against Defendants Gregg and Tuzinowski regarding continued shakedowns, destruction of property, and leaving his cell in disarray. (*Id.*)

On February 27, 2023, Plaintiff filed a complaint against Defendants Gregg and Tuzinowski and spoke with the Administrative Assistant, who stated that the conduct of Defendants Gregg and Tuzinowski would be addressed. Plaintiff was told to contact the Administrative Assistant's office if he had any further issues. (*Id.*)

On March 2, 2023, Defendants Gregg, Tuzinowski, and Compton approached Plaintiff while he was walking to the yard and asked for a shakedown. Defendants Gregg, Tuzinowski and Compton asked Plaintiff if he thought they were playing games with him, stating that it was clear Plaintiff had not gotten the message. Defendants Gregg, Tuzinowski, and Compton stated that Plaintiff needed to be taught a lesson about being a snitch because they hated inmates who snitch and place their jobs in jeopardy. (*Id.*) Defendants Gregg, Tuzinowski, and Compton also stated that this was the last time they were going to tell Plaintiff to stop snitching and that the next time would be in segregation. Plaintiff returned to his cell and filed a complaint with the Administrative Assistant's office and the Deputy Warden's office regarding the incident.

On March 3, 2023, Plaintiff was again approached by Defendants Gregg, Tuzinowski, and Compton and was placed in handcuffs and taken to the control center for a strip search. All three Defendants told Plaintiff that they were done with him and that he would be transferred to the Chippewa Correctional Facility (URF). Defendants Gregg, Tuzinowski, and Compton stated that they had called their friends at URF to properly deal with Plaintiff once he was transferred to Steamboat unit, where Plaintiff would be broken to the point that he would never want to file another grievance or complaint against MDOC staff. Defendants Gregg, Tuzinowski, and Compton told Plaintiff that he was about to see how "much power they had to make an individual disappear." (*Id.*)

3

Plaintiff was searched and nothing was found on his person or in his clothing. (*Id.*, PageID.5.) Plaintiff states that Defendants Gregg, Tuzinowski, and Compton nonetheless intentionally planted drugs or what appeared to be drugs on his person and issued a false class I substance abuse misconduct. Plaintiff was placed on temporary segregation. Plaintiff requested that the substance be tested by the Michigan State Police Lab and that the Hearings Officer review the control center video. (*Id.*)

Plaintiff was eventually transferred to LCF, where he had a disciplinary hearing on the misconduct on March 14, 2023. Hearings Officer S. Morris (not a Defendant) found Plaintiff guilty without allowing Plaintiff to present any evidence. Plaintiff was given 20-days loss of privileges. Plaintiff subsequently filed a request for rehearing, which was approved by Richard D. Russell (not a Defendant). At the rehearing, Plaintiff was found not guilty and the misconduct was dismissed. (*Id.*)

Plaintiff states that Defendants violated his right to be free from retaliation, his right to substantive and procedural due process, and his rights under state law.[1] Plaintiff seeks

---

[1] In Plaintiff's complaint, he includes a section identifying his intended causes of action. The above-listed claims are the only claims set forth in this section. In the body of Plaintiff's complaint, he references "malicious prosecution" and in setting forth facts in support of his retaliation claim, he describes various actions allegedly taken against him. (ECF No. 1, PageID.3 (capitalization omitted).) It appears that Plaintiff sets forth these various allegedly adverse actions as support for his retaliation claim, however, to the extent that Plaintiff intended to raise any claims regarding the alleged verbal harassment, searches of his person and cell, or destruction of his property, Plaintiff has failed to allege sufficient facts to state any such claims. *See, e.g.*, *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Hudson v. Palmer*, 468 U.S. 517, 528 n.8 (1984) ("[T]he Fourth Amendment does not protect against seizures in a prison cell[.]"); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986); *cf. See Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 333-34 (2012) (rejecting the argument that correctional officials need reasonable suspicion to conduct visual body-cavity searches upon inmates at the time they are admitted to the general jail population). Likewise, to the extent that Plaintiff intended to bring a claim regarding malicious prosecution, he fails to state such a claim because he fails to allege facts to show that he was "deprive[d] of liberty." *See Sykes*

compensatory and punitive damages, declaratory relief, and indemnity damages against Defendant Surety.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

---

v. *Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (quoting *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007)); *see also infra* Section II.B.

5

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Surety

Plaintiff fails to state a claim against Defendant Surety. Nothing in Plaintiff's complaint supports a finding that Unknown Surety or a surety bond is a person that can be sued under § 1983. Moreover, the Court recognizes that 28 U.S.C. § 1352 provides that "[t]he district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States." *See* 28 U.S.C. § 1352. Plaintiff's complaint, however, is devoid of any facts from which the Court could infer that "Defendants' performance bonds—if they exist at all—were executed under 'any law of the United States.'" *See Moore v. Whitmer*, No. 1:21-cv-117, 2021 WL 5194807, at *4 (W.D. Mich. Nov. 9, 2021), *aff'd*, 2022 WL 18862075 (6th Cir. Aug. 12, 2022). Therefore, Defendant Surety will be dismissed from this action.

### B. Procedural Due Process

Plaintiff asserts that Defendants violated his right to procedural due process when they wrote a false major misconduct for substance abuse on him. The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were

6

constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995).

Plaintiff's major misconduct charge and conviction affected a number of Plaintiff's interests, but none of them fall into either of the categories identified in *Sandin* as protected by due process, i.e., an inevitable effect on the duration of Plaintiff's sentence or an atypical and significant hardship. As to the first category, Plaintiff has not alleged a deprivation that will inevitably affect the duration of his sentence. Plaintiff states that he is serving a sentence of life without the possibility of parole. (ECF No. 1, PageID.4.) Therefore, the duration of his sentence would be unaffected by a misconduct conviction. As to the second category, Plaintiff has not alleged that he suffered a "significant and atypical deprivation." Plaintiff states that he was sentenced to 20-days loss of privileges. (*Id.*, PageID.5.) In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484. If confinement in segregation does not

implicate a protected liberty interest, it follows that Plaintiff's loss of privileges for a period of 20 days do not implicate such an interest.

Furthermore, even if Plaintiff had alleged the loss of a protected liberty interest, he would not state a due process claim because it is clear that he received all the process due to him. As noted above, Plaintiff was granted a rehearing and was found not guilty of the charge of substance abuse. Therefore, Plaintiff's procedural due process claims are properly dismissed.

### C. Substantive Due Process

Plaintiff also asserts a violation of his substantive due process rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952))). The Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999); *see also Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016); *Robinson v. Schertz*, No. 2:07-cv-

8

78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007). Plaintiff alleges that Defendants Gregg, Compton, and Tuzinowski planted evidence on his person. At this stage of the proceedings, taking Plaintiff's allegations as true and in the light most favorable to Plaintiff, the Court will not dismiss Plaintiff's substantive due process claims against Defendants.

### D. Retaliation

Finally, Plaintiff asserts that Defendants Gregg, Compton, and Tuzinowski violated the First Amendment when they repeatedly harassed him and issued a false misconduct ticket on him in retaliation for his conduct in filing grievances and complaints. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Based on the allegations in his complaint, Plaintiff's First Amendment retaliation claims against Defendants Gregg, Compton, and Tuzinowski may not be dismissed at screening.

### E. State Law Claims

Plaintiff also claims that Defendants' actions violated state law. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton*

9

*v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertions that Defendants violated state law fail to state a claim under § 1983.

Furthermore, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

With respect to Defendant Surety, because Plaintiff's federal claims against this Defendant will be dismissed, the Court will dismiss Plaintiff's state law claims against Defendant Surety without prejudice. As to Defendants Gregg, Compton, and Tuzuhowski, because Plaintiff continues to have a pending federal claim against these Defendants, the Court will exercise supplemental jurisdiction over his state law claims against Defendants Gregg, Compton, and Tuzuhowski.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims against Defendant Surety will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims against Defendant Surety will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims. The Court will also dismiss, for failure to state a claim, Plaintiff's Fourteenth Amendment procedural due process claims against the remaining Defendants. Plaintiff's First Amendment retaliation claims, Fourteenth Amendment substantive due process claims, and state law claims against Defendants Gregg, Compton, and Tuzinowski remain in the case.

An order consistent with this opinion will be entered.


Dated: September 25, 2023         /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  United States District Judge