UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON MILLER, #824688,<br>   Plaintiff,<br><br>v.<br><br>UNKNOWN GREGG, et al.,<br>   Defendant. | No. 2:23-cv-144<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Defendants' motion for summary judgment. (ECF No. 14). Judge Vermaat issued a report and recommendation. (ECF No. 19). Plaintiff filed an objection to the report and recommendation. (ECF Nos. 20, 21). The court will adopt the report and recommendation over Plaintiff's objections.

### I. Background

Plaintiff, state prisoner Jason Miller, filed suit pursuant to 42 U.S.C. § 1983 on August 4, 2023. (ECF No. 1). Miller alleged that while he was incarcerated at the Kinross Correctional Facility (KCF) in Kincheloe, Michigan, KCF employees violated his rights under various state and federal laws. Defendants moved for summary judgment on Plaintiff's claims.

After a proper summary of the relevant law, Judge Vermaat recommended that Defendants' motion for summary judgment be granted in part and denied in part:

> In the undersigned's opinion, there are genuine issues of material fact bearing on whether Miller made sufficient affirmative efforts to exhaust the grievance process with respect to: (1) his claim that Gregg and Tuzinowski made retaliatory threats against him on February 27, 2023, and (2) his claim that

1

> Gregg and Compton conducted a retaliatory shakedown and issued additional retaliatory threats on March 2, 2023. However, in the undersigned's opinion, there are no genuine issues of material fact regarding whether Miller exhausted: (1) his claim that Tuzinowski conducted a retaliatory shakedown and issued additional retaliatory threats on March 2, 2023, (2) his claim that Defendants conducted a retaliatory strip search and issued a retaliatory misconduct ticket against Miller on March 3, 2023, or (3) his claim that Defendants violated his substantive due process rights by planting evidence on his person. The record demonstrates that he did not. Accordingly, the undersigned recommends that those claims be dismissed.

(ECF No. 19 at PageID.139-40).

Plaintiff filed an objection to the report and recommendation. (ECF Nos. 20, 21). Plaintiff maintains that he "followed the grievance process, and for actions beyond [his] control, [his] Step I grievance was not processed." (ECF No. 21 at PageID.146). Plaintiff also avers that he had no alternative options to the grievance process. (*Id.*). He also alleges that "Vorhees affidavit" "protects work colleagues" and was an "eye for an eye principle of retribution." (*Id.* at PageID.147). Finally, Plaintiff says that Defendants did not provide "any audio recording of the misconduct hearing to support their allegation that the Plaintiff did not verbally address the issue of retaliation at his misconduct hearing." (*Id.*).

## II. Legal Standard

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008).

### III. Discussion

Plaintiff's objections lack specificity, and the court will reject them. As it relates to the grievance process and Vorhees' affidavit, Judge Vermaat found that "there are genuine issues of material fact with respect to whether Miller made sufficient efforts to exhaust his claims against Gregg and Compton arising out of their March 2, 2023, interaction, and whether GC Voorhees rendered the grievance process unavailable with respect to those claims." (ECF No. 19 at PageID.136). This ruling was in Plaintiff's favor because Judge Vermaat credited Plaintiff's attempts to engage with the grievance process. Plaintiff's statements regarding the Vorhees affidavit do not raise cognizable legal or factual questions.

Plaintiff seems to suggest that he verbally raised his retaliation issues at his misconduct hearing. Plaintiff argues that Defendants should have provided the audio recording of his misconduct hearing. The court will reject this objection because the record reflects that Miller did not raise his retaliation issue in his request for a rehearing. (ECF No. 19 at PageID.138); (ECF No. 16-2 at PageID.87). Plaintiff's grievance form did not assert retaliation. Plaintiff cannot create a question of fact by asserting a lack of evidence when, as here, there is adequate evidence that Plaintiff did not raise the retaliation issue. *See* Fed. R.

3

Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.").

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 19) is **ADOPTED** by the court over Plaintiff's objection.

**IT IS SO ORDERED.**

Date: September 27, 2024              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge